IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARGARET SPEER,**

    **Plaintiff,**

vs.                                                                                                                                            Civ. No. 20-0692 JCH/SMV

**UNITED STATES OF AMERICA,**
**UNITED STATES DEPARTMENT OF INTERIOR,**
**BUREAU OF RECLAMATION,**
**NEW MEXICO MUNICIPAL LEAGUE, INC.,**
**LAGO RICO INC., and ROBERT GAGNON,**
**dog owner,**

    **Defendants.**

## **MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court on Plaintiff's First Amended Complaint for Property Damage and Negligence, filed July 15, 2020 [Doc. 3], and on Plaintiff's *Motion for Default Judgment*, against Defendant Robert Gagnon, filed January 26, 2021 [Doc. 24].

    In her amended complaint, Plaintiff alleges that on August 9, 2019, Defendant Robert Gagnon's unleashed dog attacked her and her dog, Simon, while they were walking in Elephant Butte, New Mexico. She further alleges that Defendant Gagnon's dog fatally wounded Simon and injured her, causing her to incur veterinary bills, medical bills, and emotional distress. Having reviewed Plaintiff's motion for default judgment and associated attachments, the Court finds that judgment shall be entered against Defendant Robert Gagnon and in favor of Plaintiff.

    Under Fed. R. Civ. P. 55(a), a party seeking default judgment must first obtain a Clerk's entry of default against the opposing party. The Clerk must enter a party's default when the moving

party shows, by affidavit or otherwise, that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In this case, the Clerk entered default for Plaintiff on January 28, 2021 [Doc. 29]. Once the Clerk has entered default, the Court, upon motion, may enter a default judgment under Fed. R. Civ. P. 55(b) if it finds that the defendant was properly served in accordance with the Federal Rules of Civil Procedure and subsequently failed to answer, defend, or otherwise appear in the case within the time provided by the Federal Rules of Civil Procedure.

Plaintiff states in her motion that she mailed Defendant Gagnon a Summons and Return at 608 N. Broadway Unit #1, Truth or Consequences, New Mexico, 87901, and that he signed it. [Doc. 24 at ¶ 3]. Plaintiff also avers that she then sent a Waiver of the Service of Summons to Defendant Gagnon, and that he signed it on September 29, 2020. *Id*. at ¶ 4. Plaintiff attached a copy of the signed waiver to her motion. [Doc. 24 at 4; Doc. 21]. It states, in pertinent part,

> I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.
> …
> I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.
>
> I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 09/29/2020, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

The waiver is dated September 29, 2020 and appears to be signed by Robert Gagnon. Thus, the Court concludes that Defendant Gagnon was served with the a copy of the complaint, that he waived service of a summons, and that he acknowledged he was required to file and serve an answer or a Rule 12 motion within 60 days.

The information on the Court's docket indicates that despite the passage of more than six months since September 29, 2020, Defendant Gagnon has filed no responsive pleading, has not entered an appearance pro se, and is not represented by counsel. The record supports the conclusion that Defendant Gagnon was properly served and has failed to appear or otherwise defend. The Court will therefore enter default judgment in favor of Plaintiff and against Defendant Gagnon. The Court makes the following findings:

a. Plaintiff's Complaint was mailed to Defendant Gagnon, who waived service of summons on September 29, 2020. [Doc. 24 at 4].

b. The time within which Defendant Gagnon was required to answer or otherwise respond to the Complaint has expired and has not been extended. Defendant Gagnon has not answered or otherwise responded to the Complaint and is in Default pursuant to Rule 55 of the Federal Rules of Civil Procedure.

c. The Clerk of the U.S. District Court for the District of New Mexico issued the Clerk's Entry of Default on January 28, 2021 [Doc. 29].

d. This Court has personal jurisdiction over Defendant as a result of Defendant's conduct in New Mexico and through service of process on Defendant.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's *Motion for Default Judgment* [Doc. 24] is **GRANTED**. A trial on damages will be set at a later date.

_____
SENIOR UNITED STATES DISTRICT JUDGE